**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUEJUN REN, | No.    16-72722 |
| Petitioner, | Agency No. A205-178-618 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:      SILVERMAN, BEA, and WATFORD, Circuit Judges.

Xuejun Ren, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision pretermitting his applications for relief. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a continuance, and review de novo questions of law. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate due process in declining to grant Ren a further continuance to allow him to complete the biometrics requirement, where the IJ instructed him orally and in writing of the deadline for providing his biometrics and of the consequences of failure to meet the deadline, and he failed to present good cause for his failure to comply. *See* 8 C.F.R. § 1003.47(c) ("Failure to file necessary documentation and comply with the requirements to provide biometrics . . . within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show agency error to prevail on a due process claim); *cf. Cui*, 538 F.3d at 1293-95 (requiring a continuance where the alien did not receive adequate notice of the requirement to submit fingerprints).

**PETITION FOR REVIEW DENIED.**